[Civil No. 3030. Filed December 31, 1931.]

[6 Pac. (2d) 428.]

## H. A. REINHARDT, Appellant, v. MARY E. R. DOYLE, Appellee.

Messrs. Baker & Whitney, for Appellant.

Messrs. Baxter & Carpenter, for Appellee.

ROSS, J.—This action was brought by Mary E. R. Doyle against H. A. Reinhardt and another, against whom the action was dismissed, to recover damages to her automobile alleged to have been sustained in a collision caused by the defendant's negligence and carelessness in operating his car. Defendant met the charge with a general denial and a plea of contributory negligence. Upon the issues thus formed, the case was tried before a jury. A verdict was returned against defendant Reinhardt in favor of plaintiff for $298.10, upon which judgment was rendered.

Defendant has appealed assigning as ground therefor that the complaint failed to state facts sufficient to constitute a cause of action and the absence of competent proof of damages.

It will be noted that defendant did not question the sufficiency of the complaint by demurrer, motion, or any other pleading whatsoever. If he believed the complaint insufficient to state a cause of action, he should have raised the question in the manner prescribed by the statute, that is, by demurrer. Section 3776, Rev. Code 1928. Defendant undertook to make the same point by objecting to the introduction of any evidence in support of the complaint, and while this may be done if all the facts pleaded furnish no cause of action, it cannot avail as against a defective statement of a good cause of action. At best, the objection to the introduction of evidence because no cause

of action is stated amounts to no more than a general demurrer. Any mere defect of form cannot be reached by either.

The complaint, in substance, omitting conclusions, alleges: That, while the plaintiff was driving her automobile at a reasonable and proper speed on a public highway, in an easterly direction and on the right-hand side thereof, she met defendant driving thereon in the opposite direction at a rate of speed to endanger the safety of property, and that the defendant in passing another car going in the same direction drove over the center of the road and on to plaintiff's side, which was not free of on-coming traffic, and collided with her automobile, damaging it.

Section 1592, Revised Code of 1928, makes it the duty of the driver of a motor vehicle to drive on the right half of the road when of sufficient width. Section 1593 provides that the drivers of vehicles proceeding in opposite directions shall pass each other to the right, each giving the other at least one-half of the main-traveled portion of the road as nearly as possible. And 1594 prohibits the driver of a vehicle from driving on the left side of the center line of the highway in overtaking and passing another vehicle proceeding in the same direction, unless such left side is clearly visible and is free of on-coming traffic for a sufficient distance ahead to permit such overtaking and passing to be made in safety.

We think under these provisions of the statute the complaint clearly states a cause of action and that the court properly permitted plaintiff to introduce evidence in support of her complaint.

The damages to plaintiff's automobile were enumerated in the complaint and alleged to be the sum of $400, "the reasonable difference between the market value of said motor vehicle immediately before and immediately after said collision." The only evi-

dence of damage was that of the reasonable cost of repairs to the car. Plaintiff, testifying as a witness, was asked the market value of the car before it was damaged, to which she answered, "About fifteen hundred dollars," but, when she was asked its value after the damage, she was not permitted, the defendant objecting, to answer the question, the court saying: "She couldn't tell what it was worth after the accident without knowing what it cost to repair it." After this ruling the plaintiff put upon the witness-stand H. L. Michener, service manager of the Apache Buick Company, who testified that the cost of putting the plaintiff's Buick sedan into the condition it was before the accident was approximately $300. To this witness also was exhibited an itemized bill of the cost of reconditioning the automobile, and he testified that all of the work done and materials furnished were under his supervision and that the charges therefor were reasonable.

It is contended (1) that the reasonable cost of repairs is not the proper measure of damages; and (2) that the itemized bill was not sufficiently identified because the witness did not himself do all the repairs or make the entries. The last objection is not good for the reason that the witness, independent of the itemized bill, testified that the cost of repairs was approximately $300. He also identified the items of work and material as set out in the bill, and said the charges therefor were reasonable. 42 C. J. 1297, § 1178.

The courts are not in agreement as to the measure of damages when the motor vehicle can be repaired. Some of them hold that it is the difference between the reasonable market value immediately before and immediately after the damage; some that it is the reasonable cost of repairing the automobile plus depreciation, if any; some that either of the above meas-

ures is proper, and others that the proper measure is the automobile's depreciation in value, or the reasonable cost of repair when such cost is less than the depreciation. 42 C. J. 1293, § 1170.

Under the facts here we do not deem it necessary that we approve or adopt any of the rules stated. We think because of the manner in which the issue of damages was submitted and determined that the verdict thereon should be permitted to stand.

While the court was giving instructions to the jury, and after his honor had stated the issues and added that plaintiff claimed her automobile was damaged in the sum of $400, plaintiff's attorney announced to the court and jury a waiver of all claims except the amounts paid or contracted for repairs, to wit, $298.10, whereupon the court said: "Very well, that is the amount she was asking for." This was tantamount to telling the jury that, if they believed defendant's negligence was the proximate cause of the accident, they should return a verdict for plaintiff in the sum of $298.10. This ruling is not assigned as error, probably for the very good reason that it was silently acquiesced in by defendant when made. Neither is the court's ruling, which in effect confined the proof of damages to the cost of repairs, assigned.

The reasonable cost of repairing the automobile was the only measure of plaintiff's damages of which there was any proof whatever. There was absolutely no evidence of the difference in the market value before and after the damage, and, although the court gave an instruction that such difference was the proper measure of damages, the instruction was not based upon any evidence in the record and could not have been followed by the jury.

The evidence as to the extent of the repairs and the reasonable cost thereof is not controverted or disputed. In fact the defendant introduced no evi-

dence whatever, his whole effort being devoted apparently to the discovery of some technical reason that would defeat or delay recovery.

Finding no prejudicial error, the judgment is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.